JOHN D. HARRIS ET AL. *v.* DOROTHY ANDERSON ET AL.

[Kentucky Law Reporter, Vol. 3—237.]

**Sale of Ward's Land by Guardian.**

Where minor children hold the fee simple to real estate, subject to the life estate of their mother, under provisions of the will of the father of the mother, the guardian of the children by the acquiescence of their mother, who is willing to join in a conveyance of the real estate, may legally sell the same and reinvest the proceeds if the court, after hearing the petition, believes it is to the best interest of the wards to do so; and the court's decree should provide that property in which the proceeds are reinvested should be held in the same way under the will as was the real estate sold.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

September 17, 1881.

OPINION BY JUDGE PRYOR:

James Blythe died in the county of Madison, leaving a last will and two daughters, Mrs. Anderson and Mrs. Sims, surviving.    He devised to his two daughters certain lands, and to his

daughter, Mrs. Anderson, the tract of land sold in this case. The devise is to his daughter for life, with remainder to her children, with the further provision that if either of his daughters die without children, the survivor of her lineal descendants should take the estate. Mrs. Anderson has one child, and the father, J. C. Anderson, is his statutory guardian. The guardian filed this petition, asking a sale of the tract of land devised, that the proceeds might be reinvested in other lands, alleging that it would redound to the interest of all the parties in interest, and that the land purchased with the proceeds might be held on the same conditions and limitations as placed on the right and title of the land sought to be sold by the will of James Blythe.

Mrs. Sims and her husband are living, and they have several children, all of whom are made defendants to the action and served with process. The adult defendants made no objections to the sale and reinvestment, and the infants are represented by a guardian ad litem. It seems to be to the interest of all that the land should be sold and the reinvestment made. The sale was ordered by the chancellor under Buckner and Bullitt's Civ. Code, §§ 489, 491. A bond has been executed by the guardian and approved by the court securing the rights of the infant, and the steps required to be taken, by the provision of the code, complied with. That these provisions authorize the sale is unquestioned; and the chancellor retaining the control of the proceeds for purposes of reinvestment, we perceive no reason why the purchaser should not pay into court the purchase-money.

The court requires that when the reinvestment is made the parties shall hold the title as under the will of the testator. Mrs. Anderson, who was made a party plaintiff by an amended petition, was made a defendant, and thus cured any defect in the proceeding so far as she was interested; in fact her husband and herself could unite in conveying her interest. As there is no valid objection made to the title, and none existing in the record, the exceptions by the purchaser to the sale and proceedings under it were properly overruled. He should be required to accept the title and comply with the terms of sale.

Judgment *affirmed.*

*John Bennett, for appellants.*

*J. W. Caperton, for appellees.*

[Cited, *McClure v. Crume,* 141 Ky. 361, 132 S. W. 433.]